11-4569-cv
Meimaris v. Braich

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

Alkistis G. Meimaris,

> *Plaintiff-Appellee*,
>
> v.                                                                              11-4569-cv

Erwin S. Braich, individually and as Trustee of the
Peregrine Trust,

> *Defendant-Appellant*,

Braich Family Holding, LLC, *et al.*,

> *Defendants*.

_____

Appearing for Plaintiff-Appellee:        Alkistis G. Meimaris, pro se, Fort Lee, N.J.

Appearing for Defendant-Appellant:        Erwin S. Braich, Abbotsford, BC, Canada.

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the district court is **AFFIRMED**.

Erwin S. Braich, proceeding pro se, appeals the district court's amended judgment in favor of Alkistis G. Meimaris, who challenged the breach of her employment agreement. As Braich is appearing pro se, he cannot represent any other party on appeal, and, is therefore deemed the only appellant in this appeal. *See Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) (a person who is not admitted to practice law may not represent anyone other than himself). Meimaris attempts to challenge the denial of her request for attorney's fees in the district court and also seeks attorney's fees in this Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Braich principally raises two arguments on appeal. First, Braich challenges the district court's decision to preside over the arbitration below. Second, Braich challenges the district court's determination that Braich, a non-signatory to the employment agreement, could be bound by the agreement. Though Braich had ample opportunity to advance either of these objections before the district court, he did not, and now raises them for the first time on appeal. As such, we dismiss his arguments as waived. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alteration omitted)).

For her part, Meimaris seeks attorney's fees for proceedings in this Court, and challenges the district court's denial of attorney's fees below. As an initial matter, Meimaris's claim with respect to the denial of attorney's fees below is not properly before us because Meimaris failed to file a notice of appeal from that ruling, and it must therefore be dismissed. *See Jenkins v. City of N.Y.*, 478 F.3d 76, 86 n.6 (2d Cir. 2007). We further determine that there are insufficient grounds on which to grant Meimaris's request for attorney's fees in this Court.

We have considered Braich's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's amended judgment. It is further ordered that Meimaris's request for attorney's fees in this Court is **DENIED**, and her challenge of the district court denial of attorney's fees is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2